IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KEAMON J. DAVID, <br> Plaintiff, | § § § | |
| v. | § § | No. 5:24-CV-241-H-BV |
| LUBBOCK COUNTY, LUBBOCK COUNTY JAIL, and LUBBOCK COUNTY DETENTION CENTER, <br> Defendants. | § § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Keamon J. David filed this action against Lubbock County, Lubbock County Jail, and Lubbock County Detention Center (LCDC), complaining of events alleged to have occurred during his detention at the LCDC. *See* Dkt Nos. 1, 2 at 5–11. Defendants move for summary judgment on all claims. Dkt. Nos. 26, 27. Based on the pleadings and summary judgment evidence, the undersigned magistrate judge recommends that the United States District Judge **GRANT** Defendants' motion for summary judgment. Dkt. No. 26.

1. **Background information**

David asserts claims under the Eighth and Fourteenth Amendments, Americans with Disabilities Act (ADA), and Texas law. Dkt. No. 2 at 7–8.[1] He alleges that while detained at the LCDC he "was deprived of essential medication for approximately 18 to

---

[1] Page citations to David's Complaint refer to the electronic page number assigned by the Court's electronic filing system.

19 days, from September 19, 2021, to October 7, 2021, [which] exacerbat[ed] pre-existing medical and mental health conditions." *Id.* at 7. He further alleges that he was "subjected to severe physical, emotional, and psychological abuse, as well as gross medical neglect." *Id.* He seeks monetary relief of $14,360,000,000, "a thorough investigation into" his allegations, future medical treatment and support as necessary, and assistance in locating his son. *Id.* at 6.

On September 6, 2024, David filed this case in state court in Lubbock County, Texas, and Defendants removed the case to federal court. Dkt. Nos. 1, 2. Defendants seek summary judgment as to all David's claims. Dkt. Nos. 26, 27.

## 2.     Summary judgment standards

If the pleadings and evidence show that no genuine issue of material fact exists, the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.* The movant "bears the initial responsibility of informing the district court of the basis for its motion" and for identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (explaining that the movant "bears the burden of demonstrating that there is no genuine dispute of material fact"). When the nonmovant bears the burden of proving such material facts at trial, movants may satisfy their burden by either affirmatively showing

2

the nonmovant's inability to establish such material facts or "merely demonstrat[ing] an absence of evidentiary support in the record[.]" *Wesley v. Gen. Drivers, Warehousemen & Helpers Loc. 745*, 660 F.3d 211, 213 (5th Cir. 2011) (quoting *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010)); *accord Owens*, 33 F.4th at 824. If the movant meets that burden, the nonmovant must then "point to 'specific facts showing that there is a genuine [dispute] for trial.'" *Owens*, 33 F.4th at 824 (quoting *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019)).

In considering a summary judgment motion, courts must view all facts and inferences in the light most favorable to the plaintiff and resolve any disputed material facts in his favor. *Anderson*, 477 U.S. at 255; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Still, "a [plaintiff] cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). A plaintiff "must allege facts specifically focusing on the conduct of [the defendant] which caused his injury." *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 995 (5th Cir. 1995), *overruled on other grounds by Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022).

3. **Analysis**

   **A. David's constitutional claims arise under the Fourteenth Amendment.**

   David asserts that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. Dkt. No. 2 at 7–8. Defendants correctly argue that David, as a pretrial detainee, does not have constitutional rights arising from the Eighth

3

Amendment based on the alleged denial of medical care. Dkt. No. 27 at 13–14. This does not mean, however, that David has no recourse for what he alleges amounted to his mistreatment while in detention.

While there is "no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care," and "case law related to a prisoner's Eighth Amendment right to medical care can clearly establish a pretrial detainee's Fourteenth Amendment right to medical care," "[t]he constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment." *Ford v. Anderson Cnty.*, 102 F.4th 292, 307 & n.5 (5th Cir. 2024) (per curiam) (quoting *Est. of Henson v. Wichita Cnty.*, 795 F.3d 456, 462 (5th Cir. 2015); *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001); *see also Johnson v. City of Dallas*, 61 F.3d 442, 444–45 (5th Cir. 1995) (holding that plaintiff did not have standing to raise an Eighth Amendment claim because there was no *conviction*).

Thus, the undersigned recommends that the district judge liberally construe David's Eighth Amendment claims under the Fourteenth Amendment.

### B. David failed to respond meaningfully to the motion for summary judgment.

"It is well established in this Circuit that when a plaintiff fails to defend a claim in response to a summary judgment motion, the claim is deemed abandoned." *Cantu v. Freedom Mortg. Corp.*, No. 3:19-CV-01701-B, 2021 WL 356840, at *2 (N.D. Tex. Jan. 4, 2021) (internal quotation marks, brackets, and citation omitted), *R. & R. adopted by* 2021 WL 351409 (N.D. Tex. Feb. 2, 2021); *see also Black v. N. Panola Sch. Dist.*, 461

4

F.3d 584, 588 n.1 (5th Cir. 2006) (determining that the plaintiff abandoned his claim by failing to respond to the defendant's motion to dismiss); *Scales v. Slater*, 181 F.3d 703, 708 n.5 (5th Cir. 1999) (concluding plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim).

Defendants filed their motion for summary judgment, along with a 25-page brief in support, raising several bases for summary judgment, including the applicable limitations periods for all claims, the lack of jural status for the Lubbock County Jail and LCDC, the failure to adequately allege a § 1983 claim against Lubbock County, the lack of Eighth Amendment claims based on David's status as a pretrial detainee, and the inapplicability of cited statutes as proposed causes of action. *See generally* Dkt No. 27. Defendants also filed an appendix in evidentiary support of the motion. Dkt. No. 28.

In response, David filed a three-page document, only a single page of which was even potentially "responsive" to Defendants' thorough motion. Dkt. No. 32 at 2. David asserted in conclusory fashion that his "claims were filed within the statute of limitations" and that "material facts exist regarding the conditions of confinement, medical treatment and other claims" he raised. Dkt. No. 32 at 2. David further stated that discovery is incomplete, but he made no effort to explain how additional discovery would rebut Defendants' arguments regarding the statute of limitations, particularly given that David's own pleadings show that his allegations stem from events that occurred during a period of detention that ended more than two years ago. *Id.* at 2. In fact, David offers no evidence or argument whatsoever to show how additional discovery might challenge the summary judgment evidence or impact responsive arguments to the motion.

5

*Id.* at 2. Thus, although David technically submitted a response—he filed *something* as opposed to nothing—his response is meaningless because it does not help the Court understand *why* David believes his lawsuit is timely, what specific claims could survive summary judgment if further developed through discovery, or identify any issue whatsoever on which there are demonstrable issues of fact on which a jury could find in his favor given the legal arguments raised by Defendants. *Id.*

David's claims are arguably abandoned. *See Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2770160, at *2 (N.D. Tex. 2019) ("When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned."). Despite potential abandonment, however, the Court will consider the issues.

### C. David filed suit after the limitations period expired.

Defendants seek summary judgment on David's claims, arguing that David filed suit after the applicable limitation periods expired on all claims. Dkt. No. 27 at 4–7. David states in his verified pleading that his claims stem from being "deprived of essential medication for approximately 18 to 19 days, from September 19, 2021, to October 7, 2021. Dkt. No. 2 at 7. When submitting that filing, David seemingly acknowledged its tardiness, writing in an accompanying letter to the judge that he was "requesting a waiver of the statute of limitations due to the extraordinary circumstances surrounding the abuse and neglect" he suffered and that the "delay in filing this suit was caused by the severe impact of these violations" that prevented him from "pursu[ing]

6

legal action in a timely manner." *Id.* at 14. But in his summary judgment response, David simply asserts that his claims are timely. Dkt. No. 32 at 2. They are not.

Defendants identify summary judgment evidence showing that David was in detention from September 16, 2021, through October 9, 2021. Dkt. No. 28 at 6. David's pleadings largely track these dates, with David alleging that it was within this timeframe that he received inadequate medical care and was otherwise mistreated and discriminated against while in detention. Dkt. No. 2 at 7. In response to Defendants' evidence, David has offered no additional evidence to support that his claims are timely or to otherwise support tolling the limitations period. *See* Dkt. Nos. 2 at 7–12; 32.

David alleges violations under § 1983 and the ADA. Dkt. No. 2 at 7. "[W]e look to the general personal injury limitations period provided by the forum state, which in this case is Texas's two-year limitations period" "[s]ince there is no federal statute of limitations for ADA or § 1983 claims[.]" *Brockman v. Tex. Dep't of Crim. Just.*, 397 F. App'x 18, 21 (5th Cir. 2010) (per curiam) (citing Tex. Civ. Prac. & Rem. Code § 16.003(a); *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)).

"[I]n both the § 1983 and ADA contexts, [the Fifth Circuit has] held that even if state law provides the underlying limitations period, federal law establishes the date upon which claims accrue, which is when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 22 (internal quotation marks and citation omitted). The plaintiff does not need to know that a legal cause of action exists but only the facts that would support a claim. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

The two-year limitations period also applies to David's state law claims.[2] Texas tort claims are usually governed by the two-year limitation period prescribed by § 16.003(a). *Brady v. Blue Cross & Blue Shield of Tex., Inc.*, 767 F. Supp. 131, 133 (N.D. Tex. 1991) (citing *Williams v. Khalaf*, 802 S.W.2d 651, 654 & n.2 (Tex.1990)); *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008) ("[C]laims for negligence . . . have a two-year statute of limitations." (citing Tex. Civ. Prac. & Rem. Code § 16.003))).

All of David's claims stem from his underlying allegation that he was deprived of medication from September 19 through October 7, 2021, when he was detained in Lubbock County. These facts are ones he would know or have reason to know on or before October 7, 2021—the last day he claims to have had medication withheld. Dkt. Nos. 2 at 7; 27 at 3; 28 at 1–2, 4. David provides no evidence or argument explaining that he did not or could not know the facts underlying his claims, so he had until October 9, 2023, to file this suit. Despite having awareness of the facts, David did not commence this action until September 3, 2024—almost a full year after the expiration of Texas's two-year limitations period. *See* Dkt. Nos. 2 at 5; 27 at 10. David's claims are thus untimely.

Defendants are entitled to summary judgment as a matter of law. David's claims fail for other reasons as well, as discussed further below.

---

[2] Although David lists Texas Penal Code § 39.04 and Texas Health & Safety Code § 241.151 as the statutes giving rise to his state law claims, he also discusses allegations of medical negligence and intentional infliction of emotional distress. *See* Dkt. No. 2 at 8.

### D. David cannot sue LCDC or Lubbock County Jail.

Defendants argue that David's claims against LCDC and Lubbock County Jail should be dismissed because they are not jural entities. Dkt. No. 27 at 7–9. Although David names them separately, LCDC and Lubbock County Jail are the same entity. *See Chavez v. Univ. Med. Ctr.*, No. 5:06-CV-157-BG, 2006 WL 8448187, at *1 (N.D. Tex. Dec. 22, 2006) (acknowledging that Lubbock County Detention Center is also referred to as Lubbock County Jail).

"Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases for support). Neither LCDC nor Lubbock County Jail are separate legal entities with jural authority. *See, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (holding a police department is not a jural entity); *Finley v. Lubbock Cnty. Det. Ctr.*, No. 5:16-CV-209-BQ, 2017 WL 6761924, at *4 (N.D. Tex. Oct. 31, 2017) (holding that LCDC does not have the capacity to be sued); *Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (holding that Dallas County Jail is not a jural entity subject to suit).

Moreover, Defendants argue that LCDC and Lubbock County Jail are not proper defendants under § 1983 because they are not "persons." Dkt. No. 27 at 9. The undersigned agrees. Section 1983 provides for liability against any *person* who, acting under color of law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. LCDC

9

and the Lubbock County Jail are not "persons" against whom a § 1983 claim for money damages can be asserted. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Ranson v. McPherson*, No. 96-11229, 1997 WL 367472, at *1 (5th Cir. June 10, 1997) (citing *Will*, 491 U.S. at 71) (affirming dismissal of, *inter alia*, deliberate indifference claim against county detention center because it was not a person under § 1983). Thus, as to claims against Defendants LCDC and Lubbock County Jail, summary judgment should be granted.

### E. Two of David's listed claims provide no private cause of action.

David asserts claims under Texas Penal Code § 39.04 and Texas Health & Safety Code § 241.151. Dkt. No. 2 at 8. Defendants contend these statutory provisions provide no private cause of action. Dkt. No. 27 at 17–18. The undersigned agrees.

In relevant part, Texas Penal Code § 39.04 makes it a criminal offense for a correctional facility official to intentionally deny or impede the constitutional rights of a person in custody. *See Meals v. Hale Cnty. Sheriff's Off.*, No. 5:10-CV-00045-BG, 2012 WL 12897343, at *2 (N.D. Tex. Aug. 3, 2012) (explaining that § 39.04 is penal in nature and provides a means by which to punish correctional officers who violate its provisions). However, "the Texas Penal Code does not create a private right of action." *Luna v. Bank of Am.*, No. 15-CV-475, 2015 WL 11120875, at *9 (N.D. Tex. Nov. 9, 2015), *R. & R. adopted by* 2016 WL 158128 (N.D. Tex. Jan. 12, 2016). Accordingly, David's claim under the Texas Penal Code should be dismissed.

It is unclear what David is attempting to allege under the Texas Health & Safety Code. *See* Dkt. No. 2 at 8 (citing Tex. Health & Safety Code § 241.151). He states that the jail staff failed to provide him with "necessary psychotropic medication" resulting in "significant physical and mental distress" that "worsen[ed his] conditions." *Id.* But Chapter 241 deals with licensure of health facilities, and § 241.151 defines terms used in subchapter G relating to the disclosure of health information. David asserts no facts relevant to the definitions in § 241.151. Dkt. No. 2 at 8. Even broadly construing David's filing, the Court can discern no viable cause of action. *See* Dkt. No. 2 at 5–11. This claim should be dismissed.

### F. Defendant Lubbock County is immune from tort claims under Texas law.

To the extent that David seeks to pursue a medical malpractice claim related to Lubbock County's alleged failure to provide required medications, he cannot. Defendant is entitled to summary judgment because it is immune.

The tort liability of the state of Texas and its political subdivisions, such as Lubbock County, is strictly limited. Under the Texas Tort Claims Act (TTCA), a governmental unit such as Lubbock County can be held liable for tortious conduct only if the plaintiff's (1) injuries were caused by the operation or use of a motor vehicle, (2) injuries were caused by a condition or use of tangible personal or real property, or (3) injuries arose from premise defects. *See Barnes v. Dall. Park & Rec. Dep't*, No. 3:98-CV-1186-G, 1999 WL 378136, at *2 (N.D. Tex. 1999) (citing Tex. Civ. Prac. & Rem. Code § 101.021–.022). Otherwise, government entities are immune from private litigation. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). David bears the

burden of pleading facts "that affirmatively demonstrate jurisdiction by alleging a valid waiver of immunity." *Aguocha-Ohakweh v. Harris Cnty. Hosp. Dist.*, 731 F. App'x 312, 316 (5th Cir. 2018) (per curiam) (citing *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003)).

David does not allege facts that involve the operation of motor vehicle, the use of tangible property, or a premise defect. As such, Defendant Lubbock County is entitled to summary judgment to the extent David's complaint can be read to assert a state-law tort claim.

### G. David fails to state a § 1983 claim against Lubbock County.

David's sole complaint is that he was denied adequate medical care while detained at LCDC, which he attributes to the negligence of Lubbock County.

The Supreme Court has made clear that municipalities and other local government bodies are "persons" within the meaning of § 1983. *Monell v. New York Cty. Dept. of Soc. Svcs.*, 436 U.S. 658, 689 (1978). But such entities "can be found liable under § 1983 only where" the governmental entity "*itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "*Respondeat superior* or vicarious liability will not attach under § 1983." *Id.* "It is only when the 'execution of the government's policy or custom . . . inflicts the injury'" that the governmental entity "may be held liable under § 1983." *Id.* (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987)).

David generally alleges that he was not provided with needed medication, but he has alleged no Lubbock County policy or custom at issue. Indeed, his only allegations

12

relate to a single incident—his single stay of less than a month in LCDC during which the alleged medication deprivation occurred. Because he does not allege a policy or custom or show that his claim involves more than an isolated incident, he fails to allege facts upon which a jury could find the County responsible for his alleged injuries under *Monell*. Without more, Defendant Lubbock County is entitled to summary judgment.

### 4.   Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **GRANT** Defendants' motion for summary judgment and dismiss this action with prejudice.

### 5.   Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July **29**, 2025.

*Amy Burch*
AMANDA 'AMY' R. BURCH
**UNITED STATES MAGISTRATE JUDGE**