UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| KEAMON J. DAVID,<br><br>    Plaintiff,<br><br>v.<br><br>LUBBOCK COUNTY JAIL, et al.,<br><br>    Defendants. | No. 5:24-CV-241 |

**ORDER ADOPTING FINDINGS, CONCLUSIONS,
AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS**

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge Amanda 'Amy' R. Burch (Dkt. No. 43) and the defendants' motion to extend the mediation deadline and for an expedited ruling (Dkt. No. 46). Judge Burch recommends that the Court grant the defendants' motion for summary judgment (Dkt. No. 26). Dkt. No. 43. Keamon David timely objected. Dkt. No. 44. The Court overrules the objections and adopts the FCR in full. The Court grants the defendants' motion for summary judgment and dismisses with prejudice David's case. The Court thus denies as moot the defendants' motion to suspend or extend the mediation deadline and request for an expedited ruling.

1. **Factual and Procedural Background**

On September 20, 2024, David sued Lubbock County, Lubbock County Jail, and Lubbock County Detention Center, alleging that he "was deprived of essential medication for approximately 18 to 19 days, from September 19, 2021, to October 7, 2021," while he was incarcerated in "Lubbock County Jail." Dkt. No. 2 at 2, 7. He also alleges that he was "subjected to severe, physical, emotional, and psychological abuse, as well as gross medical

neglect." *Id.* at 7. After removing the case to this Court, Dkt. No. 1, the defendants moved for summary judgment. Dkt. No. 26. David responded, Dkt. No. 32, and the respondents replied, Dkt. No. 37. Judge Burch entered an FCR recommending that the Court grant the defendants' motion for summary judgment. Dkt. No. 43. David filed three objections. Dkt. No. 44. First, he objects to Judge Burch's conclusions that: (1) his claims are time-barred; (2) he failed to submit adequate evidence; and (3) dismissal should be with prejudice. *Id.* at 1–2. Almost a week after the deadline to object, David filed a supplemental notice in support of his objections. Dkt. No. 45.

2. **Standard of Review**

When a party files objections to a Magistrate Judge's recommendations, the Court must review those objected-to portions de novo. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1). As for portions where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

3. **Analysis**

   A. **The Court has found no plain error in the unobjected-to portions of the FCR and thus adopts those portions of the FCR.**

Judge Burch recommends that the Court grant the defendants' motion for summary judgment (Dkt. No. 26). Dkt. No. 43. In part, she recommends that the Court conclude that David cannot sue the Lubbock County Detention Center or the Lubbock County Jail, that two of David's listed claims provide no private cause of action, that Lubbock County is immune from Texas state-law tort claims, and that David fails to state a claim against Lubbock County under 42 U.S.C. § 1983. *Id.* at 9–13. David does not object to these

portions of the FCR. Dkt. No. 44. The Court has reviewed these unobjected-to portions for plain error. Finding none, the Court accepts and adopts those portions of the FCR.

### B.     David's claims are barred by the statute of limitations.

David objects to the FCR's conclusion that his claims are time-barred. For the purpose of this objection, the key facts are not in meaningful dispute. David brought claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and various state-law claims. Dkt. No. 2 at 7–9. The defendants' unrebutted summary-judgment evidence shows that David was in detention from September 16, 2021 through October 9, 2021. Dkt. No. 28 at 6. These dates are roughly the same as in David's complaint, where he alleges that the violations occurred from September 19, 2021 to October 7, 2021. Dkt. No. 2 at 7. Using either time frame, the parties do not challenge Judge Burch's conclusion that David's claims accrued on October 9, 2021. *See* Dkt. No. 43 at 8. The parties also do not challenge Judge Burch's use of a two-year statute-of-limitations period for the claims. *Id.* Thus, the statute-of-limitations period expired after October 9, 2023.

David makes two objections to Judge Burch's FCR on this matter. The first is his contention that he filed within the statute of limitations. Dkt. No. 44 at 1–2. He states that he "made an earlier good-faith attempt to file as early as September 3, 2024." *Id.* at 1 (emphasis omitted). Even if the Court were to accept this date as the filing date of David's claims, this filing date would still be almost a year after the expiration of the statute-of-limitations period. The Court thus overrules David's objection and concludes that the relevant statute of limitations bars his claims.

David relatedly argues that equitable tolling should apply to his claims because he "was mentally and physically impaired during and after incarceration." *Id.* at 2. But that

argument fails for multiple reasons. First, David did not raise equitable tolling in his response to the defendants' motion to dismiss. *See* Dkt. No. 32. He merely asserted that his filing was timely. *Id.* at 2. Thus, David has forfeited this argument. *See Firefighters' Ret. Sys. v. EisnerAmper, LLP*, 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeit their [legal] argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation.").

But even if David had properly raised his equitable-tolling argument, it fails on the merits. Under Texas law, if a person is of unsound mind when a cause of action accrues, then the statute of limitations does not run while the person is of unsound mind. Tex. Civ. Prac. & Rem. Code § 16.001(a)(2), (b). But to establish an entitlement to tolling of limitations based on unsound mind, a plaintiff has to either produce specific evidence that shows he did not have the mental capacity to pursue his suit or submit a fact-based expert opinion to this effect. *Freeman v. Am. Motorists Ins.*, 53 S.W.3d 710, 713 (Tex. App.—Hou. [1st Dist.] 2001, no pet.). Here, however, David has produced no specific evidence of his mental state post-detention or an expert opinion on the matter. And under federal law, the party seeking the benefit of equitable tolling has the burden of showing that it applies and must provide specific evidence to support such a request and details about the timing of any incapacitation. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003). David's single sentence, unsupported by details or evidence, is insufficient to convince the Court that rare and exceptional circumstances are present to justify equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

David's final sentence in this objection states: "At the very least, these facts raise material disputes that cannot be dismissed as a matter of law." Dkt. No. 44 at 2 (emphasis

omitted). Because there is no material question of fact as to the timeline of this case, there is no genuine dispute of material fact as to whether David filed within the statute-of-limitations period. The Court thus overrules David's first objection. Further, because the statute of limitations is fatal for David's case, the Court denies as moot his second objection. Even if he did provide adequate evidence to support his claims, they would still be time-barred.

### C. Dismissal with prejudice is appropriate, and David has not provided good cause for "leave to amend or supplement the record."

David's final objection is to Judge Burch's recommendation that the Court dismiss his case with prejudice. Dkt. No. 44 at 2. He "respectfully asks for leave to amend or supplement the record." *Id.* The Court overrules this objection. "Summary judgment is an adjudication on the merits, and a dismissal following an adjudication on the merits is, by definition, a dismissal with prejudice." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, (5th Cir. 2011). The defendants moved for summary judgment, not a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is when the opportunity to amend would normally be appropriate. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Further, to the extent that David is seeking to leave to amend his complaint or supplement the record, those requests are denied. The Court sees no good cause to justify amendment. First, any amended complaint would be futile in light of the Court's conclusion that the claims are time-barred. Second, Plaintiff has not complied with Local Rule of Civil Procedure 15.1, which requires that any requests for leave to file an amended pleading have an attached copy of the proposed amended pleading. Third, David has provided no explanation for good cause to justify leaving to amend at this late juncture in

the proceedings, after summary-judgment briefing has concluded. Fourth, David has failed to identify what he would seek to include as a supplement on the record and has similarly failed to explain any excuse or good cause to support such a request at this late hour.

### D. David's supplemental notice in support of his objections is untimely and irrelevant.

On August 18, almost a week after the deadline to file objections to the FCR, David filed what he purports to be a supplemental notice in support of his objections to the FCR. *See* Dkt. Nos. 43 at 13–14; 45. David has not moved for leave to file a supplement or explained why good cause supports his delay in seeking to file a supplement to his objections. *See* Dkt. No. 45. The Court thus does not consider David's notice in its analysis. But even if the Court did consider the notice, it would not change the analysis.

The notice contains three arguably substantive portions. The first merely reiterates the same arguments that he raised regarding the statute of limitations in his original objections. *See* Dkt. No. 45 at 1. This supplemental recitation contains no new evidence to suggest that he timely filed his claims or that equitable tolling is applicable. *See id.* The second point in the notice similarly repeats bald assertions raised in his objection and are irrelevant in light of the statute of limitations. *See id.* Point three merely states that "[t]his notice is submitted to ensure that the record is clear, comprehensive, and leaves no room for misinterpretation or procedural oversight." *Id.* at 2 (emphasis omitted). Of course, this notice does not add to or clarify the record in any way. David has still not shown any material misinterpretation of his "procedural oversight" in failing to timely bring his claims.

### 4. Conclusion

The Court concludes that the relevant statute of limitations bars his claims, and he forfeited any right to equitable tolling. The Court thus overrules David's objection to this

portion of the FCR.  This issue is fatal to David's case, so the Court does not resolve David's second objection.  The Court overrules David's third objection and dismisses the case with prejudice because granting summary judgment is a judgment on the merits, making dismissal with prejudice appropriate.  Finally, the Court denies David's unexplained request to "amend or supplement the record" because of unnecessary delay and failure to provide good cause.

The Court thus adopts Judge Burch's FCR in full and grants the defendants' motion for summary judgment (Dkt. No. 26).  The Court dismisses David's claims with prejudice. The Court also denies as moot the defendants' motion to suspend or extend the mediation deadline and request for an expedited ruling (Dkt. No. 46).  The Clerk of Court is ordered to close the case.  The Court will enter a final judgment separately.

So ordered on August 20, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE